UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO PEREZ, | No. 2:14-cv-2077 DAD P |
| Plaintiff, | |
| v. | ORDER |
| S. MATIS, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his complaint plaintiff has identified High Desert State Prison Librarian S. Matis as the sole defendant. Therein plaintiff alleges that he submitted a law library request form for Priority Library User status with a letter from his attorney, indicating that he had a deadline to file a petition for review with the California Supreme Court. According to the allegations of the complaint, defendant Matis denied plaintiff's request. Plaintiff claims that defendant Matis has thereby denied him his right of access to the courts. (Compl. at 3 & Attachs.)

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The

1  complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
2  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
3  the defendants and must allege facts that support the elements of the claim plainly and succinctly.
4  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
5  with at least some degree of particularity overt acts which defendants engaged in that support his
6  claims.  Id.  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil
7  Procedure 8(a)(2), the complaint must be dismissed.  The court will, however, grant plaintiff
8  leave to file an amended complaint.

9       If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how
10  the conditions complained of resulted in a deprivation of his federal constitutional or statutory
11  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in
12  specific terms how each named defendant was involved in the deprivation of plaintiff's rights.
13  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
14  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.
15  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
16  743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights
17  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18       To proceed on a denial of access to the courts claim, plaintiff is advised that the right of
19  access to the courts "forbids states from 'erect[ing] barriers that impede the right of access of
20  incarcerated persons" to file civil actions that have a "reasonable basis in law or fact."  Silva v.
21  DeVittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (quoting Snyder v. Nolen, 380 F.3d 279, 290
22  (7th Cir. 2004) & John L. v. Adams, 969 F.2d 228, 235 (6th Cir. 1992)).  A prisoner asserting a
23  denial of access to the courts claim must allege the anticipated or lost underlying cause of action
24  as well an "actual injury," — "that is 'actual prejudice with respect to contemplated or existing
25  litigation, such as the inability to meet a filing deadline or to present a claim." Lewis v. Casey,
26  518 U.S. 343, 348–49 (1996).  See also Christopher v. Harbury, 536 U.S. 403, 415 (2002).  In any
27  amended complaint plaintiff elects to file, he will need to allege facts specifying what his lost
28  /////

4

1  underlying cause of action was and clarify whether he suffered any "actual injury" as a result of
2  the actions allegedly taken by defendant Matis.

3  Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
4  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be
5  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
6  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
7  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any
8  function in the case.  Therefore, in any amended complaint plaintiff elects to file, as in an original
9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (Doc. No. 1) is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated:  March 30, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
pere2077.14a

5