UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO PEREZ, | No. 2:14-cv-2077 GEB DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| S. MATIS, | |
| Defendant. | |

Plaintiff is a state prisoner who was proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983.

On March 17, 2017, this case was dismissed and judgment was entered in favor of defendant S. Matis. (ECF Nos. 32, 33.) On March 20, 2017, defendant filed a Bill of Costs seeking to recover $1,072.45, the cost of plaintiff's deposition transcript. (ECF No. 34.) On April 3, 2017, defendant filed an amended certificate of service. On April 24, 2017, plaintiff moved to strike the bill of costs. (ECF No. 36.)

**LEGAL STANDARDS**

Rule 54(d) of the Federal Rules of Civil Procedure states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." There is a presumption in favor of awarding costs to the prevailing party, and a district court following the presumption need not specify its reasons for doing so. Save Our

Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003). However, the court may elect not to award costs where the party is indigent or where other compelling circumstances exist. Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014). The losing party must demonstrate why costs should not be awarded. Nat'l Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471-72 (9th Cir. 1995), overruled on other grounds, Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 592-3 (9th Cir. 2000). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." Id. This list is not exhaustive, but rather a starting point for analysis. Escriba, 743 F.3d at 1248.

The costs that may be taxed are those enumerated in 28 U.S.C. § 1920. See Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175 (9th Cir. 1990) (per curiam) (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987)). Section 1920(2) lists "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" as a taxable cost.

## ANALYSIS

This case involved plaintiff's claims that defendant violated his First Amendment rights by refusing his request for time in the law library. The court found defendant demonstrated she did not violate plaintiff's First Amendment right of access to the courts. The court granted defendant's motion for summary judgment. (ECF Nos. 31, 32.) Defendant was thus the prevailing party, and the prevailing party generally is allowed to recover reasonable costs.

In support of his opposition to the cost bill, plaintiff argues that he is indigent and cannot afford the costs of the deposition transcript. (ECF No. 36.) He further argues that the deposition was not necessary to the court's resolution of this case.

The court must balance the foregoing reasons against granting what is regularly awarded the prevailing party. It should be noted that defendant is not seeking to recover excessive, questionable, or marginal costs. She seeks nothing more than to be repaid the amount actually paid to a third party for something almost always essential to defense of a case—a transcript of plaintiff's deposition testimony.

The court will consider specifically the factors identified in the above cited cases. First, this case is not one of public import; nor did it present close and difficult issues. Second, taxing costs against plaintiff would no more chill his access to the courts than any other plaintiff. All litigants must weigh the relative risks of filing a civil suit (including the financial risks) against the potential benefits. See, e.g., Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999) ("[r]equiring prisoners to pay filing fees for suits will force them to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?") Third, the fact that plaintiff is an indigent inmate does not necessarily warrant special treatment. To deny defendant costs solely on these grounds might well give plaintiff and others incentive to file, risk free, multiple meritless lawsuits. Padula v. Morris, No. 2:05-CV-00411-MCE, 2014 WL 280971, at *2 (E.D. Cal. Jan. 24, 2014). Finally, the economic disparity between the parties—a prisoner and a state entity—is about as great as one might envision. The state would hardly notice a $1,072.45 expenditure. Plaintiff, on the other hand, might never have the opportunity to get out from under a debt of that magnitude.

The additional factor raised by plaintiff is the "necessity" of the deposition. Contrary to plaintiff's assertion, the court did rely on statements made by plaintiff in his deposition. The court's description of the undisputed facts includes citations to Defendant's Statement of Undisputed Facts ("DSUF"). (See, e.g., Oct. 6, 2016 Findings and Recos. (ECF No. 31) at 8 (citing DSUF ##7-9, 11-12, 13-14).) In the cited paragraphs from the DSUF, defendant cited to, among other things, plaintiff's deposition. (See, e.g., DSUF (ECF No. 27-3) #7 (citing Plt.'s Depo. at 19:15-20:3, 21:1-23) and #8 (citing Plt.'s Depo. at 19:17-20, 21:1-16).) Taking plaintiff's deposition enabled defendant to find points that both parties agreed upon. Furthermore, documents that are "necessarily obtained for use in the case" need not be offered into evidence to be taxed as costs. See Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990) (per curiam); Frederick v. City of Portland, 162 F.R.D. 139, 143 (D. Or. 1995) ("the presence of a deposition in the record is not a prerequisite for finding that it was necessary to take the deposition" (internal quotation marks and citation omitted)). The court finds no indication defendant conducted plaintiff's deposition for any

reason besides a good faith belief in its necessity.  Further, defendant made actual use of portions of the deposition in her motion for summary judgment.  The court finds plaintiff's deposition transcript was "necessarily obtained" for use in this case as required by 28 U.S.C. § 1920(2).

Considering all of the foregoing, the court finds the interests of justice would not be served by taxing the full amount of the costs against plaintiff.  Still, defendant, as the prevailing party, is entitled to some amount of reimbursement, and there is value and principle in holding unsuccessful inmate litigants at least partially accountable for the costs of their suits.  "The district court may apportion costs between the winning and losing parties."  Oyarzo v. Tuolumne Fire Dist., No. 1:11-CV-01271-SAB, 2014 WL 1757217, at *2 (E.D. Cal. Apr. 30, 2014) (citing In re Paoli R.R. Yard PCB Lit., 221 F.3d 449, 469 (3rd Cir. 2000)).  Therefore, defendant's request for costs should be granted in part.  $100.00 should be taxed against plaintiff.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant's request for costs (ECF No. 34) be GRANTED IN PART;

2. Plaintiff's motion to strike the bill of costs (ECF No. 36) be DENIED; and

3. Costs be taxed against plaintiff in the amount of $100.00.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 14, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/pere2077.bill of costs

4

5